AUSTIN HOWARD, Appellee, v. THE TOWN OF LAMONI, Appellant.

**Grading streets:** EVIDENCE: ERROR. Error in the admission of evidence which is withdrawn from the jury, is not prejudicial.
1

**Evidence:** EXCEPTION. One cannot complain, on appeal, of the exclusion of evidence to which no exception was taken.
2

**Negligence.** Evidence that in grading a street so as to leave a depression in which water collects in front of a dwelling, is sufficient on the question of negligence, to take the case to the jury.
3

*Appeal from Decatur District Court.*— HON. H. M. TOWNER, Judge.

SATURDAY, JUNE 11, 1904.

ACTION at law to recover damages on account of defendant's alleged negligence in grading or repairing a street. Verdict and judgment for plaintiff for $10, and defendant appeals.— *Affirmed.*

*V. R. McGinnis* and *W. B. Kelly,* for appellant.

*Harvey & Son* and *C. W. Hoffman,* for appellee.

WEAVER, J.— The plaintiff is the owner of residence property fronting on Linden street, in the town of Lamoni. By the first count of his petition he alleges that in May, 1901, the defendant, by its officers, excavated and lowered the grade of said street in front of plaintiff's property, and that the same was so negligently and unskillfully done as to allow the surface water to collect and stand in said street in large quantities, and for several days at a time, thereby injuring said property and depreciating its value in the sum of $300. By a second count it is alleged that the drainage from plaintiff's house and cellar was for a long time discharged into a tile drain which defendant maintained across said street; that in May, 1901, the defendant, without any ordinance or authority of any kind, wrongfully dug up and removed the tile, thus cutting off the plaintiff's drainage, and causing his cellar to fill with stagnant water, to his damage in the further sum of $300. The answer admits that defendant made some repairs or improvements upon the street in front of plaintiff's lot, but denies that in any respect it acted wrongfully or without due authority. While, as above stated, plaintiff alleged two distinct grounds for the recovery of damages, it is obvious from the record that his principal complaint was based upon the act of the town in removing the tile drain or culvert, and the testimony offered on both sides was very largely directed to that issue. It appears, however, that before the parties rested their case the trial court became convinced that no ground of recovery upon this count had been shown, and ordered the same dismissed. The jury were also instructed to give no consideration to any of the evidence which had been offered bearing upon that issue alone. This ruling was not appealed from by the plaintiff. The elimination of the second count of the petition, and of the evidence directed thereto,

disposes of most of the alleged errors argued by the appellant.

I.   Complaint is made that the court (1) permitted plaintiff to exhibit to the jury a photograph showing the con-

**1. EVIDENCE: error.**

dition of his cellar at or near the time of the trial; (2) allowed plaintiff to testify that the result of repairing the street had been to fill his cellar with water; (3) refused to permit a witness on cross-examination to answer what it would cost to put in ordinary tiling for drainage of the premises; and (4) refused to admit the record of council proceedings declaring the culvert or tile across the street to be a nuisance and source of offense to the public. All these matters appear to have had direct reference to the issue which was withdrawn from the jury, and, if there was any error in either of said rulings, it was cured when the court directed the jury that plaintiff could not recover upon that item of his claim.

II.   Error is also alleged in the ruling of the court upon the testimony of the witness L. J. Frink, offered on part of defendant.

**2. EVIDENCE: exception.**

The witness, having testified to his knowledge of the street for several years, was asked to state the condition of the street before the tile was taken up. Objection to this evidence was sustained; the court announcing its ruling that the town had the right to remove the tile, and was not required to prove a necessity for such action, and no liability could arise thereon unless the work was done in a negligent manner. It is argued with some degree of force that, in order to show whether the work was negligently done, defendant should have been allowed to show the situation with which it had to deal. It is made to appear, however, by an amended abstract, that upon an explanation by counsel the court expressly ruled that defendant was at liberty to show the actual physical condition of the street before and after the work was done; and this, we think, was all that could be properly demanded. There seems to have been some difference of opinion between court and counsel as to whether the questions asked were fairly within the rule thus laid down,

but we think the court was not in error in this respect. Moreover, the matter here inquired about had special reference to the removal of the tile drain — a matter which was withdrawn from the jury — and the error, if any, was not prejudicial.

One Tyrrell, a member of the town council who superintended the work, testifying for defendant, was asked with reference to the excavation of the street, and to state what was done to the street by the town, and the condition in which it was left; and, upon objection by plaintiff, he was not permitted to answer. Upon the face of the record in the appellant's abstract, this would appear to be error; but an amended abstract and transcript have been filed, which show that defendant acquiesced in this ruling and took no exception thereto. Other errors are suggested in argument, but the points made are covered by those already considered. The

3. NEGLIGENCE.

evidence of negligence in the repair of the street and injury to plaintiff's property is slight, and, were the verdict for more than a nominal sum, we should be inclined to the view that it lacks support. There is some testimony tending to show that the excavation was so done as to leave a hole or depression in front of plaintiff's house, where the water would collect and stand, 'thus interfering with the convenient approach to the premises. This was sufficient to take the case to the jury, and the amount of the award indicates no passion or prejudice in the assessment of damages.

The judgment of the district court is therefore AFFIRMED.